UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMAN KHAMISI, § | |
| A # 097071483, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-1937 |
| § | |
| WARDEN RAYMOND THOMPSON, *et* § | |
| *al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Saman Khamisi, an immigrant detainee, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). Khamisi is in custody at the Joe Corley Processing Center in Conroe, Texas, and argues that his detention in excess of six months violates his due-process rights as held in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondent filed a motion for summary judgment (Dkt. 11) and seeks denial of the petition. Khamisi responded (Dkt. 12) and the respondent replied (Dkt. 13). Khamisi then submitted za notice of additional evidence (Dkt. 14), which the Court will **grant** Khamisi leave to file. Having reviewed the petition, the briefing and exhibits, the applicable law, and all matters of record, the Court concludes that the respondent's motion for summary judgment should be **denied** and that a hearing is necessary. The petitioner's motions for an order to show cause (Dkt. 8) and to expedite (Dkt. 16) will be **denied as moot**. The Court's reasons are explained below.

1 / 11

I.  **BACKGROUND**

Khamisi's petition names multiple respondents, including Warden Raymond Thompson at the Joe Corley Processing Center, where he is detained. Thompson seeks summary judgment and requests that the Court deny Khamisi's petition.

Khamisi is an Iranian national who was admitted to the United States as a refugee in 2007 and has lived continuously in the United States since his admission. In 2022, he was convicted of attempted sexual assault and sentenced to four years in the Texas Department of Criminal Justice (Dkt. 11-1 (Sworn Declaration of Deportation Officer Tierra D. Dixon), at 3).[1] In 2024, state authorities released Khamisi to the custody of the Department of Homeland Security (DHS) and DHS initiated removal proceedings. An immigration judge ordered him removed to Iran on September 26, 2024, and his removal order became administratively final on October 28, 2024 (*id.* at 3).

Dixon's declaration states that Khamisi is removable from the United States under 8 U.S.C. § 1227(a)(2)(A)(ii) because he has been convicted of two or more crimes involving moral turpitude not arising from a single scheme of misconduct. She avers that, since the order for Khamisi's removal became administratively final in October 2024, officials with Immigration and Customs Enforcement (ICE) have worked to obtain necessary travel documents from Iran in order to effectuate the removal. In November

---

[1] Dixon's declaration states that Khamisi also was convicted of intent to give false information in 2014; obstructing a highway passageway in 2017; and criminal trespass in 2019 (*id.* at 2-3).

2024, ICE first requested a travel document for Khamisi from the Embassy of Iran and informed Khamisi of his duty to cooperate in submitting identifying documents. ICE also advised Khamisi that his custody status would be reviewed in January 2025 and that he could submit documentation (*id*. at 3-4).

Dixon states that in January and February 2025, when ICE checked with the Embassy of Iran regarding the status of the document request, the request was still pending. On February 27, 2025, ICE officials notified Khamisi that they had conducted a 90-Day Post Order Custody Review and had determined that he should remain in custody "because there existed a significant likelihood of removal in the reasonably foreseeable future" (*id*. at 4-5). In March and April 2025, ICE again checked the status of the document request with the Embassy of Iran.

On April 16, 2025, Iranian officials conducted a remote interview with Khamisi. On the same day, embassy officials informed ICE that they had not issued a travel document for Khamisi and would "start the process of verification of his claim to Iranian citizenship" when they received his original passport and original birth certificate (Dkt. 12-3). Dixon states that ICE officials informed Khamisi's counsel of the request but that Khamisi has presented neither document (Dkt. 11-1, at 5-6). Khamisi submitted a declaration stating that he had an expired passport that he lost when he was arrested; that he does not have the documents requested by Iran; and that he cannot obtain them while detained (Dkt. 14-2).

In May 2025, ICE officials completed a 180-day Post Order Custody Review and determined that Khamisi should remain in custody, stating that ICE "continue[d] to work with the government of Iran and additional governments" to obtain a travel document (Dkt. 11-2, at 3; Dkt. 11-1, at 5).

On July 10, 2025, ICE officials met with Iranian officials regarding Khamisi's travel documents. Dixon's declaration, executed on July 20, 2025, states that Iranian officials would need to interview Khamisi again, that ICE would make Khamisi available for the interview, and that ICE was prepared to arrange for Khamisi's immediate removal upon receipt of his travel documents (*id.* at 6-7).

On July 18, 2025, a panel of ICE officials continued Khamisi's detention (Dkt. 11-2, at 1-2). The respondent maintains that ICE has continued to provide Khamisi with notice of his continued detention and his opportunity to request release.

The respondent's motion, filed in July 2025, argues that Khamisi's petition is based on the "assumption" that Iran will not issue travel documents for him, but that ICE "is and has been working with the Embassy of Iran to obtain such document[s]" (Dkt. 11, at 2). The motion also notes that "recently, the Embassy of Iran has agreed to interview Khamisi again" (*id.*). At the time respondent filed his motion, the second embassy interview had not been scheduled.

With his summary-judgment response, Khamisi submitted a copy of his Iranian passport and correspondence between Dixon and his attorney in April regarding the travel documents (Dkt. 12-1; Dkt. 12-2). He states that he has fully cooperated with the

respondent's efforts to obtain his travel documents and that his family has communicated several times with Iranian officials (Dkt. 1, at 4-5).

On August 22, 2025, Khamisi filed a notice of additional evidence (Dkt. 14). Because this evidence is relevant to the likelihood of Khamisi's removal, and because the respondent has raised no objection, the Court **grants** Khamisi leave to file the evidence. *See* Habeas Rule 7, Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts (expansion of record); Habeas Rule 1 (courts may apply rules to petitions under 28 U.S.C. § 2241). The evidence reflects that, on August 11, 2025, Iranian officials again interviewed Khamisi. Immediately after, Iranian officials informed ICE officials in writing that they could not "start the process of verification" of Khamisi's claim to Iranian citizenship because they had not received an original birth certificate and original passport. The written notice also stated that a travel document "cannot be issued" without the listed items (Dkt. 14-1).

Khamisi brings habeas claims under the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231. He seeks immediate release and an award of attorneys' fees and costs, among other relief (Dkt. 1, at 11).

## II.   LEGAL STANDARDS

The respondent seeks summary judgment. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

*Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, "[s]elf-serving affidavits and declarations, like all summary judgment evidence, must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to

testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (cleaned up) (citing FED. R. CIV. P. 56(c)(4)).

### III.  ANALYSIS

Khamisi seeks habeas relief under 28 U.S.C. § 2241 and § 2243, bringing claims under the Due Process Clause of the Fifth Amendment and 28 U.S.C. § 1231(a)(6). [2]

#### A.  Summary Judgment

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231. The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The Attorney General has discretion to extend detention "beyond the removal period" in some cases:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). Dixon's declaration states that Khamisi is removable under 8 U.S.C. § 1227(a)(2).

---

[2]  Khamisi objects to multiple statements in Dixon's declaration as inaccurate or misleading. Because the Court does not rely to the petitioner's detriment on any statement in the declaration, it need not resolve this issue.

The Due Process Clause of the Fifth Amendment protects the liberty interest of all persons within the United States, including non-citizens. *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court considered the detention of a non-citizen who, like Khamisi, had a criminal record. Although an immigration judge had ordered Zadvydas deported to Germany, Germany would not accept him, and his detention was extended beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a)(6). While noting that § 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the removal period, the Supreme Court held that indefinite detention, or detention for more than "reasonably necessary to secure the alien's removal," violates the Due Process Clause. *Id.* at 682. The Court instructed that, when a habeas court decides a *Zadvydas* challenge, the court "should hold continued detention unreasonable and no longer authorized by statute" if removal "is not reasonably foreseeable." *Id.* at 699-700. The Court further determined that detention for "more than six months" is presumptively unreasonable. *Id.* at 701. Under *Zadvydas*'s burden-shifting framework, a petitioner seeking habeas relief has the initial burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" after six months have elapsed. *Id.* If the petitioner makes this showing, the burden shifts to the respondent to rebut the showing. *Id.*

Khamisi claims that his continued detention violates *Zadvydas*. In response, the respondent argues that there is a significant likelihood of his removal in the reasonably

foreseeable future.[3] He argues that Khamisi has not met his initial burden of proof under *Zadvydas*, given the embassy officials' agreement on July 10, 2025, to re-interview him. However, Khamisi has submitted specific evidence of barriers to his removal. His supplemental evidence reflects that Iranian officials conducted the second interview on August 11, 2025, and then immediately informed ICE officials in writing that a travel document for Khamisi "cannot be issued" without an original birth certificate and original passport (Dkt. 14-1). Khamisi also presents evidence that he cannot obtain the documents while detained (Dkt. 14-2). This evidence provides good reason to believe that his removal is not likely in the reasonably foreseeable future, and satisfies his initial burden.

The burden thus shifts to the respondent to rebut Khamisi's showing. However, the respondent does not dispute the material facts and provide no basis to conclude that Khamisi's removal is significantly likely in the reasonably foreseeable future, particularly in light of the supplemental evidence. Although the reply brief argues that ICE officials have communicated regularly with Iranian officials and facilitated two interviews Khamisi, a good faith effort by the respondent to carry out the removal is insufficient. *See Zadvydas*, 533 U.S. at 702 (reversing holding that relied in part on the respondents' good faith efforts to deport Zadvydas). Rather, the respondent must show a significant likelihood of removal

---

[3] The respondent also seeks summary judgment based on Khamisi's criminal history, arguing that it justifies his extended detention under 8 U.S.C. § 1231(a)(6). However, *Zadvydas* makes clear that criminal history alone is insufficient for indefinite detention.

in the reasonably foreseeable future. Because he does not present evidence supporting this likelihood, he fails to rebut the petitioner's showing.

Although the respondents have authority to enforce the order to remove Khamisi, they may not detain him indefinitely while attempting to carry out his removal. Therefore, habeas relief will be granted.

### B. Hearing regarding Habeas Relief

Although the Court concludes that habeas relief is warranted, a hearing is necessary to determine the proper relief. The parties' briefing does not address potential issues related to Khamisi's release from detention, such as an order of supervision under 8 U.S.C. § 1231(a)(3), other pre-release requirements, and reasonable timing.[4] Therefore, the parties are **ORDERED** to appear for a hearing by Zoom, which the Court will set by separate order. The parties are instructed to confer before the hearing to identify any areas of agreement between them.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. The Court **GRANTS** Khamisi leave to file his additional evidence (Dkt. 14).

2. The respondent's motion for summary judgment (Dkt. 11) is **DENIED**.

---

[4] *See, e.g.*, *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610 (S.D. Tex. Sept. 26, 2025); *Gonzalez-Rondon v. Gillis*, No. 5:19-CV-109-DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020); *Singh v. Whitaker*, 362 F. Supp. 3d 93, 105 (W.D.N.Y. 2019); *Kane v. Mukasey*, No. CV B-08-037, 2008 WL 11393137, at *8 (S.D. Tex. Aug. 21, 2008), *superseded,* 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008), *report and recommendation adopted,* 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008).

3. The petitioner's motion for an order to show cause (Dkt. 8) and motion to expedite (Dkt. 16) are **DENIED as moot**.

4. The parties are **ORDERED** to appear at a hearing by Zoom to discuss the petitioner's release. The Court will issue a separate order setting a hearing. The parties are **INSTRUCTED** to confer before the hearing and to be prepared to discuss the issues identified above and any other issues requiring the Court's attention.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____October 23_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE